UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOSEPH BOTELHO      :
      :
v.      :   C.A. No. 19-541S
      :
PATRICIA COYNE-FAGUE, et al.      :

**MEMORANDUM AND ORDER**

Before this Court is Plaintiff's Motion to Appoint Counsel. (ECF Doc. No. 3). The Motion has been referred to me for determination. 28 U.S.C. § 636(b)(1)(A); LR Cv 72(a). For the reasons set forth below, Plaintiff's Motion is DENIED.

The Court may appoint an attorney pursuant to 18 U.S.C. § 3006A(a)(2)(B) if "the interests of justice so require," however, there is no absolute right to an attorney in a civil case. DesRosiers v. Moran, 949 F.2d 15, 23-24 (1st Cir. 1991). Before appointing an attorney, the Court must look to the type and complexity of the case and the ability of Plaintiff to prosecute it. Id. Plaintiff bears the burden of demonstrating that "exceptional circumstances [a]re present such that a denial of counsel [i]s likely to result in fundamental unfairness impinging on his due process rights." DesRosiers, 949 F.2d at 23. In this case, Plaintiff has not demonstrated "exceptional circumstances" sufficient to convince the Court that he is entitled to appointed counsel in this civil action.

From a review of the documents filed in this case to the present time, the Court finds that Plaintiff has the capacity to prosecute the claim and that Plaintiff has a basic understanding of the legal procedures to be followed. Thus, the Court determines that Plaintiff does not, at this time, meet the test for appointment of counsel and will, therefore, be required to prosecute this action by himself.

IT IS THEREFORE ORDERED, that Plaintiff's Motion to Appoint Counsel (ECF Doc. No. 3) is DENIED without prejudice.

SO ORDERED

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
October 28, 2019