# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOSEPH BOTELHO | : | |
| | : | |
| v. | : | C.A. No. 19-00541-WES |
| | : | |
| PATRICIA COYNE-FAGUE, et al. | : | |

## REPORT AND RECOMMENDATION FOR
## SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)

Lincoln D. Almond, United States Magistrate Judge

### Background

Pending before me for determination is Plaintiff's Application to Proceed In Forma Pauperis ("IFP") (ECF No. 2) pursuant to 28 U.S.C. § 1915. On October 15, 2019, Plaintiff Joseph Botelho, a state inmate, filed a hand-written pro se Complaint alleging a violation of his rights under the Eighth Amendment to the United States Constitution. Plaintiff sues five Correctional Officers (Lieutenant Larangeira, Lieutenant Open, Officer Ledoux, Officer Nichols and Officer Morales), Corrections Director Patricia Coyne-Fague and Corrections Inspector Frank Levesque. (ECF No. 1 at p. 2-3, 11). Plaintiff's Complaint is accompanied by an Application to Proceed IFP without being required to prepay costs or fees, including the $400.00 civil case filing fee. After reviewing Plaintiff's Application signed under penalty of perjury, I conclude that Plaintiff is unable to pay fees and costs in this matter and thus, Plaintiff's Application to Proceed IFP (ECF No. 2) is GRANTED.

Having granted IFP status, this Court is required by statute to further review Plaintiff's Complaint sua sponte under 28 U.S.C. § 1915(e)(2)(B) and to dismiss this suit if it is "frivolous or

malicious," "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." For the reasons discussed below, I recommend that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE and with leave to file an Amended Complaint within thirty days.

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim or seeks damages from a defendant with immunity. 28 U.S.C. § 1915(e)(2)(B). The standard for dismissal of an action taken IFP is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The First Circuit has held that the affirmative defense of the statute of limitations may justify dismissal under Section 1915, see Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991), and other courts have upheld dismissals under Section 1915 because of other affirmative defenses appearing on the face of a complaint. See e.g., Kimble v. Beckner, 806 F.2d 1256, 1257 (5th Cir. 1986).

**Discussion**

I recommend that Plaintiff's Complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). In making this recommendation, I have taken all of the allegations in Plaintiff's

Complaint as true and have drawn all reasonable inferences in his favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, I have liberally reviewed Plaintiff's allegations and legal claims since they have been put forth by a pro se litigant. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to Plaintiff's Complaint, dismissal is required, but with leave to file an Amended Complaint.

**A.      Rules 8 and 10, Fed. R. Civ. P.**

Pursuant to Rule 8(a), a plaintiff must state his or her claims by way of a "short and plain statement of the claim showing that the pleader is entitled to relief." In addition, Rule 10(b) requires that a party must state claims in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." The purpose of these Rules is to place the Court and the defendants clearly on notice as to what the plaintiff is claiming and who he is bringing those claims against. Salahuddin v. Cuomo, 861 F.2d 40, 42 (2nd Cir. 1988) (pleading must allege facts sufficient to allow defendants to prepare a defense against such claims).

In applying a Rule 12(b)(6) standard, the Court must accept as true all plausible factual allegations in the Complaint and draw all reasonable inferences in Plaintiff's favor. Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). In so doing, the Court is guided by the now-familiar standard requiring the inclusion of facts sufficient to state a plausible claim for relief:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted).  Put differently, for a complaint to survive a motion to dismiss, its "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Applying this standard, Plaintiff's Complaint does not contain enough facts to state any plausible constitutional violations at this time.  Plaintiff alleges "crual [sic] unusual punishment" but his factual allegations are scattered and unclear.  His Complaint is piecemeal and does not clearly set forth who did what and when.  He alleges in one place that the events in question took place on July 21[, 2019] and in another place that it was May 21, 2019.  (Compare ECF No. 1 at p. 5 with ECF No. 1-2 at p. 1).  He states in conclusory fashion that he was "placed in isolation seg with no AC" by Officer Ledoux and Lieutenant Larangeira.  (ECF No. 1 at p. 5).  He alleges that Officer Morales searched his cell and he was taken to "seg."  (ECF No. 1-2 at p. 1).  He claims that Officer Morales "packed [his] cell" and "got rid of evidence [sic] by putting everything in bags."  Id.  He does not identify the nature of this "evidence."  He claims that he was subject to "in-human" [sic] conditions and that "Officer Ledoux would not flush [his] toilet."  Id.[1]  Finally, he claims that Lieutenant Larangeira did not sign his grievance but offers no other specifics.  Id.  He makes no allegations as to Lieutenant Open or Officer Nichols and thus states no claims against them.  In short, Plaintiff's allegations do not satisfy Rule 8(a) and fail to place Defendants sufficiently on notice to respond to Plaintiff's claims.

---

[1]   He appears to acknowledge that he threw urine on Officer Ledoux as a way "to get help" and because he had "had it."  (ECF No. 1-2 at p. 1).

-4-

Plaintiff also sues Director Coyne-Fague and Inspector Levesque but provides absolutely no factual allegations in his Complaint as to their alleged involvement in the subject matter of the Complaint. His allegations are without factual support and appear to be an unsupported attempt to impose supervisory liability. However, in a § 1983 action, only direct, rather than vicarious, liability is available. See Aponte Matos v. Toledo Davila, 135 F.3d 182, 192 (1st Cir. 1998). At a minimum, to support a claim of supervisory liability, a plaintiff must plead facts indicating an "'affirmative link' between the behavior of a subordinate and the action or inaction of his supervisor…such that 'the supervisor's conduct led inexorably to the constitutional violation.'" Maldonado v. Fontanes, 568 F.3d 263, 275 (1st Cir. 2009) (citations omitted); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009) ("purpose rather than knowledge" is required to impose supervisory liability in a § 1983 action).

The lack of any specific allegations fails to allege the affirmative link necessary to state a plausible claim of supervisory liability under § 1983. Plaintiff fails to adequately plead a factual basis for the required "affirmative link" needed to support any claim of supervisory liability as to Director Coyne-Fague and Inspector Levesque.

**Conclusion**

For the reasons stated, Plaintiff's Motion to Proceed In Forma Pauperis (ECF No. 2) is GRANTED. However, pursuant to 28 U.S.C. §§ 1915(e)(2)(B), I further recommend that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE and with leave to file an Amended Complaint within thirty days of the District Court's Order of Dismissal which remedies the numerous pleading deficiencies noted herein. In addition, should Plaintiff choose to file an Amended Complaint, he is advised, first and foremost, to comply with Federal Rule of Civil

Procedure 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). He should also ensure that his Complaint:

1. includes the names of all Defendants in the caption;

2. sets forth his allegations in separately-numbered paragraphs;

3. complies with Rule 8(a) of the Federal Rules of Civil Procedure and provides adequate factual notice to the individual Defendants of the nature and basis of his claims against each of them;

4. states where and when the acts or omissions about which he complains occurred and who allegedly committed those acts or omissions; and

5. states plainly the basis for his individual claim(s) against each Defendant, the right violated and the relief which he is seeking against each.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


 /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
November 15, 2019